**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>CHARLES D. AUSTIN<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>MDD_CDAChambers@mdd.uscourts.gov |

March 28, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *John M. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 23-3444-CDA

Dear Counsel:

On December 20, 2023, Plaintiff John M. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' filings (ECFs 12-14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the Court will GRANT Plaintiff's motion for remand, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration. This letter explains why.

### I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on May 28, 2020, alleging a disability onset date of May 31, 2017. Tr. 399-405. Plaintiff's claims were denied initially and on reconsideration. Tr. 345-54. On April 26, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33-68. Following the hearing, on May 17, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 15-32. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a). Relevant to the parties' arguments, Plaintiff submitted to the Appeals Council certain records not presented to the ALJ. *See* Tr. 1-4.

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on December 20, 2023. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "engaged in presumptive substantial gainful activity from January 2018 to April 2018[.]" Tr. 21. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "disorders of the lumbar spine and osteoarthritis[.]" Tr. 21. The ALJ also determined that all of Plaintiff's other impairments were considered non-severe impairments. Tr. 21. At step three, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 21-22. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than the full range of light work as defined in 20 CFR 404.1567(b). [Plaintiff] could frequently push and pull with his lower extremities. [Plaintiff] was unable to climb ladders, ropes and scaffolds, but he could perform other postural movements on an occasional basis. [Plaintiff] could not work around hazards such as moving dangerous machinery and unprotected heights. [Plaintiff] could not work in environments that would have subjected him to extremely cold temperatures. [Plaintiff] could not work in noisy working conditions but office level noise (moderate level) was okay. Due to pain and/or other symptoms from [Plaintiff]'s medically determinable and severe impairments, [Plaintiff] is limited to semi-skilled or unskilled tasks.

Tr. 22-23. The ALJ determined that Plaintiff was unable to perform past relevant work as a Special Education Teacher (DOT[3] #094.227-030) and Survey Worker (DOT #205.367-054) but could

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*,

perform other jobs that existed in significant numbers in the national economy.  Tr. 25-27.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 27.

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

Plaintiff raises two arguments on appeal.  First, Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ failed to sufficiently consider Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms.  ECF 12, at 7, 11.  Plaintiff contends that the ALJ relied on an alleged gap in Plaintiff's treatment history to discredit Plaintiff's statements and that such reliance was erroneous because new evidence shows that Plaintiff did obtain treatment between May 2017 and May 2019.  *Id.* at 11-13.  Second, Plaintiff urges that the ALJ erred at step three because the evidence shows that Plaintiff's impairments meet the elements of listings 1.15, 1.16, and 1.18.  *Id.* at 13-14.  Defendant counters that the RFC is supported by substantial evidence because the evidence does "not contradict the ALJ's conclusion that there [was] a gap in Plaintiff's musculoskeletal treatment [between] May 2017 [and] May 2019[,] . . . nor do[es] it show a reasonable probability that [it] would have changed the ALJ's decision."  ECF 13, at 10-12.

The Court finds that Plaintiff's first argument warrants remand for further consideration by the Commissioner.  "When evaluating a claimant's subjective complaints, 'ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p.'"  *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (internal citation omitted)).  "First, 'the ALJ must determine whether objective medical evidence presents a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms.'"  *Id.* (quoting 20 C.F.R. § 404.1529(b)).  The ALJ did that here.  *See* Tr. 24 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged

---

810 F.3d 204, 211 n.1 (4th Cir. 2015).

symptoms.").

"Second, after finding a medically determinable impairment, 'the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.'" *Oakes*, 70 F.4th at 215 (quoting 20 C.F.R. § 404.1529(c)). "[A] claimant is entitled to rely exclusively on subjective evidence to prove the second part of the test[,]" *Arakas*, 983 F.3d at 95 (citation omitted), but a claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the claimant alleges [they] suffer[,]" *Craig*, 76 F.3d at 595. The ALJ here determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [Plaintiff's alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 24. The ALJ relied in part on an alleged gap in Plaintiff's treatment history to determine that Plaintiff's "alleged limited ability to do work-related activities does not appear to be attributable to his medically determinable and severe impairments." Tr. 24.

ALJs are permitted to consider a claimant's treatment history in evaluating a claimant's subjective complaints. *See Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) ("[A]n unexplained inconsistency between [a] claimant's characterization of the severity of [their] condition and the treatment [they] sought to alleviate that condition is highly probative of the claimant's credibility."). Social Security Ruling ("SSR") 16-3p provides that "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, . . . we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2019). However, Plaintiff does not contest that the ALJ erred in considering his treatment history. Instead, Plaintiff argues that the ALJ's reliance on his treatment history is now error because new evidence shows that Plaintiff did obtain treatment between May 2017 and May 2019. EFC 12, at 11-13.

Based on Plaintiff's new evidence, the Court finds that the ALJ erred in relying on the alleged gap in Plaintiff's treatment history when evaluating Plaintiff's statements. *See generally Wiebusch v. Comm'r, Soc. Sec. Admin.*, No. 20-1590, 2022 WL 2965653, at *3 (4th Cir. July 27, 2022) ("Where . . . [a] claimant submit[s] new evidence to the [AC] after the ALJ already issued a decision, [courts] review the entire record—including that new evidence—to determine whether the ALJ's decision is based on substantial evidence."). No doubt, the ALJ found Plaintiff's statements inconsistent with the available evidence in large part due to what they perceived as an material gap in Plaintiff's treatment history. They referenced "a gap in [Plaintiff's] treatment for his musculoskeletal impairments from May 2017 until May 2019[,]" and that Plaintiff's "alleged limited ability to do work-related activities does not appear to be attributable to his medically determinable and severe impairments in light of [Plaintiff's] scant treatment history before his date last insured." Tr. 24. However, Plaintiff's new evidence shows that Plaintiff, between May 2017 and May 2019, underwent surgery, received post-operative care, and attended four post-surgery appointments with his primary care physician. Tr. 82-218, 219-314. Plaintiff underwent lumbar

John M. v. Dudek
Civil No. 23-3444-CDA
March 28, 2025
Page 5

spine decompression and fusion surgery on November 7, 2017, and received post-operative care until November 10, 2017. Tr. 219-314. Additionally, Plaintiff's musculoskeletal impairments were addressed several times during the course of his four primary care appointments. Tr. 86, 93, 97, 102. Plaintiff's new evidence is material and runs counter to the ALJ's conclusion that there was "a gap in [Plaintiff's] treatment for his musculoskeletal impairments from May 2017 until May 2019." Tr. 24; *see Flesher v. Colvin*, No. 14-30661, 2016 WL 1271511, at *9 (S.D. W. Va. Mar. 31, 2016) ("[W]hen a district court reviews the record for substantial evidence in light of new evidence considered by the [AC] but not the ALJ, it should focus on determining whether that new evidence is 'contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports.'" (quoting *Dunn v. Colvin*, 973 F. Supp. 2d 630, 642 (W.D. Va. 2013))).

Because the ALJ relied in part on a supposed gap of a certain length in Plaintiff's treatment history to discredit Plaintiff's statements, and Plaintiff's new evidence demonstrates treatment during the supposed gap, the Court finds that the RFC is not supported by substantial evidence. Courts throughout the country, including within this Circuit, have remanded where ALJs erroneously relied on inaccurate treatment histories in evaluating claimants' subjective complaints. *See, e.g., Norman P. v. Kijakazi*, No. 21-02542-TAB-JPH, 2022 WL 3908126, at *2-3 (S.D. Ind. Aug. 31, 2022); *Hosbach v. Saul*, No. 19-1921, 2019 WL 6004628, at *4-6 (E.D. Pa. Nov. 13, 2019); *Rogers v. Berryhill*, No. 17CV438, 2018 WL 4100048, at *4, *7 (M.D.N.C. Aug. 28, 2018); *Howerton v. Colvin*, No. 16-01026, 2016 WL 7646365, at *4, *9-11 (S.D. W. Va. Dec. 12, 2016).[4] Accordingly, the Court remands this case for a reevaluation of Plaintiff's statements and the record in light of Plaintiff's new evidence. The Court takes no position on how, if at all, these records and any change in the supposed gap in treatment affect the credibility of the subjective complaints.

Because the case is being remanded on this basis, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and adjust their opinion accordingly. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion regarding Plaintiff's entitlement to benefits is correct.

---

[4] *See also Spencer v. Comm'r of Soc. Sec.*, No. 17-381-FtM-MRM, 2018 WL 3853961, at *5 (M.D. Fla. Aug. 14, 2018); *Schnitzlein for Schnitzlein v. Comm'r of Soc. Sec.*, No. 16-781-FtM-MRM, 2018 WL 1444397, at *4-5 (M.D. Fla. Mar. 23, 2018); *Parker v. Berryhill*, No. 16-2378-WJM, 2017 WL 3315625, at *3-5 (D. Colo. Aug. 3, 2017); *Weigel v. Colvin*, No. 13-256-CJK, 2014 WL 7366649, at *7, *10-11 (N.D. Fla. Dec. 24, 2014).

*John M. v. Dudek*
Civil No. 23-3444-CDA
March 28, 2025
Page 6

## V.    **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for remand, ECF 12, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge